Fitzgerald & Associates, P.C.
    By: Nicholas Fitzgerald Esq. -- NF/6129
649 Newark Avenue
Jersey City, NJ 07306-2303
Email: nickfitz.law@gmail.com
Phone: (201) 533-1100
Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
---------------------------------X
In re:                                    **Chapter 13**
                                          Case No. 25-15790-SLM
    Peter J. DeLuca, III
                                          Conf. Hearing Date: 8/27/2025
    Debtor

---------------------------------X

**ATTORNEY'S RESPONSE TO TRUSTEE'S OBJECTION TO CONFIRMATION**

    Nicholas Fitzgerald, the debtor's counsel, hereby responds to the Chapter 13 trustee's objection to confirmation of the debtor's Chapter 13 the plan as follows:

    The trustee objects to the confirmation of the debtor's payment plan on the following related grounds:

    *** That the debtor does not have sufficient income to pay his creditors in full.
    *** That the debtor doesn't have regular income in violation 109(e).

    The debtor has proposed, as he must due to the equity in his home, to repay his unsecured creditors 100 cents on the dollar.

    The debtor is a union carpenter and when he has work his salary is $57.10 per hour. From time to time the debtor gets laid off. As the debtor testified at his creditors' meeting which took place on July 15, 2025, he resumed work on July 14, 2025 for $57.10 per hour. As soon as we get a pay stub we will provide a copy of same to the trustee.

    Moreover, the debtor's son and the debtor's daughter-in-law, both of whom reside with the debtor, have provided statements that they will contribute to making the debtor' plan work.

    Since the debtor is now working the 109(e) issue is moot. Although it is likely academic at this point, we disagree with the trustee's contention that the debtor has violated 109(e). It is our position that contributions from the debtor's relatives satisfy the income requirement as that constitutes "regular income." It is our position that under 109 (e) a debtor's income can be income from any source including contributions from relatives.

Dated: July 17, 2025

                                                   _____
                                                   Nicholas Fitzgerald
                                                   Debtor's Counsel

**Exhibit -- Copy of Trustee's Objection to Confirmation**

Marie-Ann Greenberg, MAG-1284
Marie-Ann Greenberg, Standing Trustee
30 TWO BRIDGES ROAD
SUITE 330
FAIRFIELD, NJ 07004-1550
973-227-2840
Chapter 13 Standing Trustee

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

IN RE:

PETER J. DELUCA, III

Case No.: 25-15790SLM

HEARING DATE: 08/27/2025

## TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

Marie-Ann Greenberg, the Chapter 13 Standing Trustee by way of objection to the Debtor's proposed plan respectfully objects as follows:

- The plan does not appear to be feasible pursuant to 11 U.S.C. Section 1325(a)(6), as the debtor will be unable to make payments under the plan and to comply with the plan.
- Specifically,
  Plan is not sufficiently funded to repay all creditors in full.
- Debtor and non-filing spouse do not have any source of income other than third party contributions. Debtor therefore appears to be ineligible to be a debtor in Chapter 13 under S.109(e).

WHEREFORE, Marie-Ann Greenberg, the Chapter 13 Standing Trustee prays that confirmation of the Debtor's Chapter 13 plan in its present form be denied.

Dated: July 15, 2025

By: /S/Marie-Ann Greenberg
Marie-Ann Greenberg, Esquire
Chapter 13 Standing Trustee