Fitzgerald & Associates, P.C.
Nicholas Fitzgerald Esq. -- NF/6129
649 Newark Avenue
Jersey City, NJ 07306-2303
(201) 533-1100
Email: nickfitz.law@gmail.com
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY -- NEWARK
---------------------------------X

Chapter 13

Case 25-15790-SLM

Hon: Stacey L. Meisel

In re:

Peter J. DeLuca, III,

Debtor

---------------------------------X

**Application in Support of Entry of an Order**

I, Nicholas Fitzgerald, the above named debtor's counsel, hereby certifies as follows:

1. I make this certification in support of my application for the entry of the order a copy of which is annexed hereto as an Exhibit.

2. The reason for the request for the entry of this consent order is to resolve the trustee's objection to the form of order which I had submitted in relation to the motion which we made for Bankruptcy Court approval of the mortgage modification package agreed upon by the parties.

3. I have changed the proposed order and the trustee has reviewed my modified order and she has not objection to same and she has stated via email that I should submit it to the Court for

entry thereof.

4. For the reasons stated above, I respectfully request that our application for entry of order annexed hereto as an exhibit be granted.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 30, 2026

Nicholas Fitzgerald
Debtor's Counsel

**Exhibit -- Copy of Proposed Order**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Fitzgerald & Assoiciates, P.C.
By: Nicholas Fitzgerald, Esq.
649 Newark Avenue
Jersey City, NJ 07306
Email: nickfitz.law@gmail.com
Telephone: (201) 533-1100
Counsel for Debtor

In Re:

PeterJ. Deluca III

| | |
|---|---|
| Case No.: | 25-15790-SLM |
| Chapter: | 13 |
| Judge: | Stacey L. Meisel |

**ORDER ON MOTION FOR AUTHORIZATION**
**TO ENTER INTO FINAL LOAN MODIFICATION AGREEMENT**
**(CHAPTER 13)**

The relief set forth on the following page is **ORDERED**.

The Court having reviewed the Motion for Authorization to Enter into Final Loan Modification Agreement filed on October 26, 2026, as to the First mortgage *[enter first, second, third, etc.]* concerning real property located at 342 Roosevelt Ave., Lyndhurst, NJ 07071, and the Court having considered any objections filed to such motion, it is hereby ORDERED that:

☒ The debtor is authorized to enter into the final loan modification agreement.

1) The loan modification must be fully executed no later than 14 days from the date of this order. If it is not, the secured creditor, within 14 days thereafter, must file with the Court and serve on the debtor, debtor's attorney, if any, and the standing trustee a Certification indicating why the agreement was not fully executed. A response by the debtor, if any, must be filed and served within 7 days of the filed date of the secured creditor's Certification; and

2) Upon the filing of the Certification required above, and absent a response from the debtor, the standing trustee may disburse to the secured creditor all funds held or reserved relating to its claim. Absent the filing of the Certification within the time frame set forth above, the standing trustee will disburse funds on hand to other creditors pursuant to the provisions of the confirmed Plan and any proof of claim filed in this case with respect to the mortgage is deemed modified and incorporated into the Loan Modification Agreement; and

3) Unless the debtor's Plan has been confirmed with 100% paid to unsecured creditors, the debtor must file a *Modified Chapter 13 Plan and Motions* within 14 days of consummation of the loan modification. If the loan modification results in material changes in the debtor's expenses, the debtor must also file amended Schedules I and J within 14 days of the date of this Order; and

4) Check one:

☐ There is no order requiring the debtor to cure post-petition arrears through the Plan; or

☐ Post-petition arrears are capitalized into the loan modification agreement, and the Order filed on ________________ requiring the Standing Trustee to make payments based on the arrearage is vacated as of the date of this order; or

☒ Post-petition arrears have not been capitalized into the loan modification agreement, and the Standing Trustee will continue to make payments to the secured creditor based on the Order filed on 9/21/2026; and

5) If fees and costs related to loss mitigation/loan modification are sought by the debtor's attorney, an Application for Compensation in compliance with D.N.J. LBR 2016-1 must be filed.

☐ The Motion for Authorization to Enter into Final Loan Modification Agreement is denied.

*new.12/17/19*